UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANETTA L. SIMPSON,

         Plaintiff,

               CIVIL CASE NO. 06-12623

v.

MANORCARE HEALTH CARE      HONORABLE PAUL V. GADOLA
SERVICES, INC., d/b/a Arden Courts    U.S. DISTRICT JUDGE
Assisted Living Facility (Sterling Heights),

         Defendant.
_____/

## ORDER DISMISSING CAUSE OF ACTION

    Now before the Court is Defendant's motion for summary judgment, filed on April 13, 2007. Plaintiff filed a response to the motion on May 3, 2007, and Defendant filed a reply on May 10, 2007. The parties stipulated to case evaluation on July 20, 2007. The parties failed to reach a resolution following case evaluation and therefore the Court took up the merits of Defendant's motion for summary judgment. Oral arguments on the motion were held on February 27, 2008. During the arguments, Plaintiff requested leave to file additional briefing. The Court granted leave to file the brief. After Plaintiff's supplemental brief was filed, Defendant requested leave to file a response. The Court granted leave and Defendant filed the response. After considering all the arguments and briefs presented, for the reasons stated below, the Court will dismiss Plaintiff's cause of action.

    Plaintiff alleges that she was hired for employment with Defendant on September 6, 2002, to work as a resident caregiver at the assisted living facility. Plaintiff began work on September 10,

2002, and worked the following three days. She attended employee orientation on September 17, 2002. On September 20, 2002, Plaintiff's employment was terminated by Defendant, allegedly due to pregnancy discrimination. Plaintiff asserts that the termination notice stated, "Ms. Simpson was visibly pregnant on 9-10-2002. . . . Pregnancy was not apparent on 9-6-2002 (due on 1-03). . . . Termination at this time. Will consider rehire after 1-03." Pl's Resp., Ex. 5.

Plaintiff initially filed the complaint that is now before the Court in the Macomb County Circuit Court on May 17, 2006. Plaintiff asserted one claim, pursuant to the Elliott-Larsen Civil Rights Act ("ELCRA"), M.C.L. 37.2101, *et seq,* based upon the foregoing allegations. Defendant timely removed to this Court on June 14, 2006, based upon diversity jurisdiction.

The present action is one grounded solely in Michigan's Elliott-Larsen Civil Rights Act and the Court is satisfied that complete diversity exists between the parties. However, this is not the only action that has been filed in connection with these 2002 events. On February 10, 2004,[1] Plaintiff filed an action based upon the same operative facts. *See Simpson v. Arden Courts*, Case No. 04-40025 (E.D. Mich. 2004). In that case, Plaintiff filed a complaint pro se on a preprinted complaint form. The first paragraph of the complaint stated, in preprinted type:

> 1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 (as amended by the Equal Employment Opportunity Act of 1972) for employment discrimination. Jurisdiction is conferred on this Court under 42 U.S.C. § 2000e-5. Equitable and other relief are also sought under 42 U.S.C. § 20003-5(g)[sic].

Complaint, ¶1, *Simpson v. Arden Courts*, Case No. 04-40025 (E.D. Mich. 2004). In the space

---

[1]Both Plaintiff and Defendant state that Plaintiff filed the complaint in federal court on February 23, 2004. However, a review of the relevant docket, *Simpson v. Arden Courts*, Case No. 04-40025 (E.D. Mich.), indicates that Plaintiff actually filed her complaint on February 10, 2004.

provided for Plaintiff to state her claim in her own words, Plaintiff stated:

> I began employment with the above named employer on Sept. 10, 2002. On Sept. 20, 2002 I was terminated over the telephone. I was told that the reason I [was] terminated [was] because other co-workers had complained that I was not doing my job and that they had to help me. I know others were not performing to the standard yet were not discharged. I believe I [was] terminated due to my sex, female, and pregnancy, in violation of the Title of Civil Rights Act of 1964, as amended.

Complaint, ¶9, *Simpson v. Arden Courts*, Case No. 04-40025 (E.D. Mich. 2004).

The end of the complaint form contained the following preprinted language, "If relief is not granted, I will be irreparably denied rights secured by Title VII of the Civil Rights Act of 1964 and/or the Elliot-Larsen [sic] Civil Rights Act." Complaint, ¶11, *Simpson v. Arden Courts*, Case No. 04-40025 (E.D. Mich. 2004).

In this earlier case, Defendant filed a motion for summary judgment as to Plaintiff's claim under Title VII. Plaintiff failed to file any response. The Court granted Defendant's unopposed motion for summary judgment on August 19, 2004. Order Granting Def.'s Mot. Summ. Judg., *Simpson v. Arden Courts*, Case No. 04-40025 (E.D. Mich. Aug. 19, 2004). Plaintiff then sought relief from the judgment, pursuant to Federal Rule of Civil Procedure 60(b). The Court denied Plaintiff's motion on February 2, 2005. Order Denying Pl.'s Mot. for Relief, *Simpson v. Arden Courts*, Case No. 04-40025 (E.D. Mich. Feb 2, 2005).

Turning to the present case, Plaintiff now asserts one state law claim related to the alleged 2002 acts of Defendant. Defendant argues that Plaintiff's ECLRA claim is barred by the statute of limitations and the complaint should be dismissed. Michigan law provides a three-year statute of limitations for ELCRA claims. *See Bell v. CSX Transp., Inc.*, 172 F. Supp. 2d 933, 937 (E.D. Mich.

2001)(Gadola, J.). The statute of limitations begins to run on the date of the injury. In this case, the injury is the alleged discriminatory employment discharge on September 20, 2002. *See Collins v. Comerica Bank*, 468 Mich. 628, 631 (2003). Therefore, according to Defendant, Plaintiff was required to file her complaint by September 20, 2005. Because Plaintiff did not file her present complaint until March 20, 2006, Defendant alleges Plaintiff's complaint was untimely. Plaintiff counters that the complaint was timely filed because Michigan's tolling statute applied during the pendency of the previous federal action. *See* M.C.L. 600.5856.

As applied to the instant case, Plaintiff argues that because the 2004 federal cause of action was pending for six months, the statute of limitations was tolled for six months. Therefore, according to Plaintiff, the March 20, 2006 complaint, filed three years and six months after the injury, was timely.[2]

However, after reviewing Plaintiff's argument for the application of the tolling statute, the Court finds the argument unavailing. "Statutes of limitation are grounded in important public policies such as providing plaintiffs with a reasonable opportunity to bring lawsuits, providing

---

[2]The Court now notes the significance of the incorrect filing date that was cited by both parties. Defendant argues that even assuming arguendo that the tolling statute applies, Plaintiff's complaint it still untimely because the original complaint was filed on February 23, 2004 and judgment was entered on August 19, 2004. Therefore, according to Defendant, even if Plaintiff was entitled to 178 days of tolling, Plaintiff's present complaint was filed three years and 182 days after her termination. As a result of this calculation, Defendant argues that the complaint is still untimely by four days.

However, as the Court pointed out in footnote 2, the first complaint was actually filed on February 10, 2004, not February 23, 2004. Therefore, if the tolling statute applies, the statute of limitations was tolled for 191 days, not 178 days as Defendant calculated. Accordingly, because the present complaint was filed three years and 182 days following Plaintiff's termination, Defendant's argument in this regard fails and the present complaint *could* be considered timely, but only if the tolling statute does apply.

4

defendants with a fair opportunity to defend against them, preventing the court system from being overburdened with stale claims, and protecting potential defendants from prolonged fear of litigation." *Turner v. Mercy Hosp. & Health Svcs. of Detroit*, 533 N.W.2d 365, 367 (Mich. Ct. App. 1995)(citing *Chase v. Sabin*, 516 N.W.2d 60, 64 (1994)). Therefore, "[T]he statutes of limitation are designed to promote a plaintiff's diligence, to prevent the litigation of stale claims, and to establish a reasonable, but limited, time for bringing an action." *Lausman v. Benton Tp.*, 426 N.W.2d 729, 731 (Mich. Ct. App. 1988)(citing *Frazier v. Castellani*, 342 N.W.2d 623, 626 (Mich. Ct. App. 1983)). "Generally, exceptions to statutes of limitation are strictly construed." *Lausman*, 426 N.W.2d at 731. "Thus, as a general rule, a limitation period is tolled only by a substantive restriction on the plaintiff's ability to bring an action in a timely manner, not by mere procedural or technical irregularities whose correction is within the control of the plaintiff." *Turner*, 533 N.W.2d at 368(*citing Fisher v. Volkswagenwerk Aktiengesellschaft,* 321 N.W.2d 814 (1982)).

In light of these principles, the tolling provision Plaintiff now relies upon, M.C.L. 600.5856, has been held to apply only if a defendant has received notice of the state law claims brought against it, *and* if the previous complaint was not decided on the merits. *See Lee v. Grand Rapids Bd. of Ed.*, 384 N.W.2d 165, 167 (1986)(emphasis added). *See also Anabel v. C.J. Link Lumber Co.*, 320 N.W.2d 64, 66 (Mich. Ct. App. 1982) ("[T]he period of limitations on a cause of action is tolled during the time a prior suit is pending between the parties *if the prior action is not adjudicated on its merits*.")(emphasis added)(citing *Meda v. City of Howell*, 312 N.W.2d 202 (1981)); *Young v. Daimler Chrysler*, 2002 WL 31941527, at *1 (Mich. Ct. App. 2002) ("A prior action in the federal court tolls the limitations period as to any *pendant* [sic] *state law claims alleged in the*

5

*complaint*.")(emphasis added). In the present case, Plaintiff's argument for the application of the Michigan tolling provision fails on both prongs, the notice prong, and the lack of a prior adjudication on the merits prong.

First, despite Plaintiff's arguments to the contrary, Defendant was not provided with any notice that Plaintiff sought to bring– and Defendant would have to defend against– any state law claims in the previous federal suit. *See Lee*, 384 N.W.2d at 167. In support of her argument that she did assert a state law claim in the original complaint, Plaintiff points to one preprinted line at the end of the complaint form that states, "If relief is not granted, I will be irreparably denied rights secured by Title VII of the Civil Rights Act of 1964 and/or the Elliot-Larsen [sic] Civil Rights Act." Compl., ¶ 11. Plaintiff argues that this statement was sufficient to invoke a state law claim. The Court can find nothing in the preprinted statement, taken by itself, as sufficient to invoke rights under ELCRA. The statement Plaintiff relies upon amounts to nothing more than an acknowledgment that the preprinted pro se complaint form *could* be used to seek relief under either federal law, state law, or both. Had Plaintiff wanted to assert a claim under state law, she easily could have done so in the same way that she clearly indicated she was seeking relief under federal law. Instead, she failed to indicate in any way that she sought relief under state law and thereby deprived Defendant of timely notice that it would have to defend against an ELCRA claim. *See Lee*, 384 N.W.2d at 167; *Young*, 2002 WL 31941527, at *1.

Furthermore, the Court finds no support for Plaintiff's argument in any other part of the complaint. The first paragraph of the preprinted form clearly states that the complainant was bringing a complaint "pursuant to Title VII of the Civil Rights Act of 1964 for employment

6

discrimination." Complaint, ¶ 1. There is no mention of a state law claim being raised. When asked to state the date that charges were filed with the Michigan Civil Rights Commission, Plaintiff did not provide any response. *Id.* at 6. A reasonable conclusion is that no charges were ever filed with the Commission and that Plaintiff was not pursuing any state law claims. More importantly, when provided the opportunity to describe the acts complained about in this previous suit, Plaintiff answered in relevant part, "I believe I [was] [t]erminated due to my sex, female, and pregnancy, in violation of the Title of Civil Rights Act of 1964, as amended." *Id.* at 9. There was absolutely no mention that Plaintiff wished to pursue any rights provided to her under ELCRA and therefore there was no pendent state law claim. *See Young*, 2002 WL 31941527, at *1. Consequently, although Defendant was undisputably placed on notice of the claim under *federal* law in the previous suit, "at no time during the period of the running of the statute of limitations [was Defendant] put on notice of the possibility of having to defend a lawsuit under *state* law." *Lee*, 384 N.W.2d at 167 (1986)(quoting *Mair v. Consumers Power Co.*, 348 N.W.2d 256, 261 (1984)).

Plaintiff also seeks to rely on the case of *Leon v. Federal Reserve Bank of Chicago*, 823 F.3d 928 (6th Cir. 1987). In *Leon*, the Plaintiff

> did not explicitly set forth the legal bases of her claims; she merely stated the factual circumstances . . . and that she was discriminated against. However in her application to proceed *in forma pauperis*, [the plaintiff] summarized her action as presenting claims under the federal civil rights statutes, particularly 42 U.S.C. §§ 1981, 1983, and the Michigan Elliot [sic] Larsen Act, Mich.Comp.Laws Ann. § 37.2101 *et seq.*

*Leon*, 823 F.3d at 930. The Court of Appeals for the Sixth Circuit, in affirming the district court's dismissal of the plaintiff's state law claim, noted that in the district court the plaintiff's "claims *were*

7

*treated as* being brought under" both federal anti-discrimination statutes and the Michigan Eliott-Larsen Act. *Id.* at 930-31(emphasis added). *Leon*, however, did not hold that the district court was proper in construing the legal basis for the plaintiff's state and federal claims based solely upon the application to proceed in forma pauperis. In fact, *Leon* did not address that issue at all. Thus, *Leon* is inapposite in the present case. Furthermore, unlike in *Leon*, Plaintiff never indicated in any submission to the Court– the complaint, the application to proceed in forma pauperis, the motion for relief from judgment– that she was raising a state law claim. Therefore, because Plaintiff did not present an ELCRA claim in the previous suit, Defendant was not provided notice that it was required to defend against such a claim, and Plaintiff is not entitled to the benefits of the tolling statute. *See Lee*, 384 N.W.2d at 167; *Young*, 2002 WL 31941527, at *1.

Second, even were this Court to construe Plaintiff's previous complaint as one containing an ELCRA claim, the application of the tolling statute fails on the second prong, the lack of an adjudication on the merits, because the previous cause of action *was* adjudicated on the merits. *See Anabel*, 320 N.W.2d at 66 ("[T]he period of limitations on a cause of action is tolled during the time a prior suit is pending between the parties *if the prior action is not adjudicated on its merits*.")(emphasis added)(citing *Meda v. City of Howell*, 312 N.W.2d 202 (1981)); *Lee*, 384 N.W.2d at 167. In the previous case between these parties, the Court granted Defendant's unopposed motion for summary judgment on August 19, 2004. Because an order granting a motion for summary judgment is a discretionary one based upon the individual facts of the case and not merely a ministerial dismissal entered in a routine fashion, under Michigan law, the order was an adjudication on the merits. *See, e.g.*, *Carter v. SEMTA*, 351 N.W.2d 920, 922 (1984).

Consequently, Plaintiff is not entitled to the application of the tolling statute on this basis.

At oral arguments on the present matter, Plaintiff attempted to argue that a state law claim was asserted in the previous cause of action but that it was not adjudicated on the merits because the Court's order failed to address the state law claim. Plaintiff's argument is an attempt at sleight-of-hand pleading. The Court has already determined that no state law claim was asserted. Furthermore, had Plaintiff actually asserted a state law claim in the earlier case, and had the Court failed to address that claim, Plaintiff should have brought to the Court's attention the fact that there was still a claim pending in that earlier suit. Instead, Plaintiff filed a motion for relief from judgment arguing only that she did not know that a response to the motion for summary judgment was necessary. Plaintiff's motion failed to make any mention of the allegedly unadjudicated claim. Plaintiff also failed to prosecute the allegedly pending claim following the order denying relief from judgment. Moreover, when she finally sought relief under state law, Plaintiff did not pursue the claim that she now asserts survived this Court's order that granted summary judgment. Instead, Plaintiff filed an entirely new action, clearly asserting a state law claim in an entirely different forum, the Macomb County Circuit Court. All of this is entirely inconsistent with Plaintiff's present position and buttresses this Court's conclusion that Plaintiff's previous complaint failed to assert any state law claim. By filing this new claim in state court, Plaintiff evidenced her intent to have her "case decided in a different forum under different law," which, "in and of itself. . . defeat[s] the purpose of the tolling statute." *Mair*, 248 N.W.2d at 256. The fact that the new suit was removed to the same court that considered her first claim is of no consequence in the application of the tolling statute; Plaintiff is not entitled to the application of the tolling statute.

Accordingly, for all the foregoing reasons, the Court finds that considering the purposes of the Michigan statute of limitations, the necessarily narrow interpretation of the Michigan tolling provisions, and the facts of this case, the tolling statute is inapplicable to the present case. Consequently, Plaintiff's complaint was not timely filed.

**IT IS HEREBY ORDERED** that Defendant's motion for summary judgment is **GRANTED** and **THIS CAUSE OF ACTION IS DISMISSED**.

**SO ORDERED.**

Dated:   May 29, 2008    	s/Paul V. Gadola
	HONORABLE PAUL V. GADOLA
	UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   May 29, 2008   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                    Gary S. Eller; Deano C. Ware                         , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                 .

	s/Ruth A. Brissaud
	Ruth A. Brissaud, Case Manager
	(810) 341-7845